| | |
|---|---|
| **2nd Judicial District Court**<br>**Denver County, State of Colorado**<br><br>Court Address:    1437 Bannock Street<br>                          Denver, CO  80202 | DATE FILED: June 27, 2023 11:32 AM<br>FILING ID: BE4B8AF439553<br>CASE NUMBER: 2023CV31862 |
| **Plaintiffs:**    Cheryl Miller and Aaron Segall<br><br>**v**<br><br>**Defendant:**    Allstate Insurance Company | <br><br>▲    COURT USE ONLY    ▲ |
| **Attorney for Plaintiffs:**<br>Attorney:    David M. Roth, #44800<br><br>Address:    The Roth Group<br>                     950 South Cherry Street, Suite 416<br>                     Denver, CO 80246<br>Phone Num.:    (303) 662-8082<br>FAX Num.:      (303) 662-8083<br>E-Mail:            david@rothgrouplaw.com | Case Number:<br><br>Div.: |
| **COMMPLAINT AND JURY DEMAND** ||

**COMPLAINT AND JURY DEMAND**

Plaintiff, Cheryl Miller and Aaron Segall, by and through their counsel, The Roth Group, hereby respectfully submits the following Complaint against the above-named Defendant, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Cheryl Miller is a citizen over the age of eighteen and a domicile of Denver County in the State of Colorado.

2. Plaintiff, Aaron Segall is a citizen over the age of eighteen and a domicile of Denver County in the State of Colorado.

3. Upon information and belief, Defendant, Allstate Insurance Company (hereinafter "Defendant"), is a foreign corporation organized under the laws of Delaware, authorized to do business in the State of Colorado, is in good standing, and is engaged in the business of insurance within the state by, among other things, insuring Plaintiff's property

4. This Court has jurisdiction over the subject matter of this action and the parties hereto.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## **GENERAL ALLEGATIONS**

6. Plaintiffs are the owners of certain Real Property and improvements including, without limitation, a residence, located at 518 S. Magnolia Lane, Denver, Colorado 80224.

7. Defendant issued Policy Number 000817195012 (hereinafter "Policy") to Plaintiffs insuring their property located at 518 S. Magnolia Lane, Denver, Colorado 80224 (hereinafter the "Property").

8. The insurance policy covers, *inter alia*, all risks of sudden and accidental direct physical loss or damage to the Property, including damage as a result of wind/hail damage.

9. On or about June 27, 2021, a hailstorm struck the area surrounding Plaintiff's Property and caused damage to the Property.

10. Plaintiffs sustained hail damage to their property, most noticeably the roof shingles and multiple windows.

11. Plaintiffs filed a claim with Defendant Allstate, who initially estimated that the Property had only sustained $975.62 in damage.

12. Defendant conducted a secondary inspection of the Property, concluding in a new estimate of $1,491.42 in damage.

13. Both Plaintiff and Defendant had inspectors visit the Property to assess potential hail damage.

14. Defendant's inspector failed to notice and mark areas of damage that had been previously chalked by Plaintiffs' inspector.

15. Defendant claimed that since the roof was older and subject to normal wear and tear, no hail damage had occurred.

16. When asked for specific inspection reports and notes to back up Defendant's reasoning for such a low valuation, Defendant refused to provide any such documentation to Plaintiff or LKQ, only later providing some photographs.

17. Defendant cited Google Earth images to indicate that there was no hail damage to the roof of Plaintiffs' Property.

18. Defendant further indicated that based off of Google Maps, areas of the Property were showing wear and tear damage, not damage as a result of hail.

19. Due to the Defendant's general denial of any damage to Plaintiff's property, on or around December 21, 2021, Plaintiff demanded appraisal and worked with LKQ through the process.

20. On April 5, 2022, the appraisal process ended with a final appraisal award of $39,502.00.

21. As evidenced by the appraisal award, Defendant failed to adequately investigate the hail damage to the Property.

22. Plaintiffs were forced to go through the appraisal process and incur the expense of that process in order to get the Claim properly evaluated and paid.

23. Defendant unreasonably delayed and denied payment of covered benefits for damage to the Property.

### FIRST CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

24. Plaintiffs incorporate the other paragraphs of this Complaint as if fully set forth herein.

25. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiff's fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder or potentially injury Plaintiffs' rights to receive the Policy's benefits.

26. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiffs' claim for Policy benefits;
    b. Failing to consider all available information when evaluating Plaintiffs' claim for insurance benefits;
    c. Failing to provide Plaintiffs with a reasonable explanation of its claims handling decisions;
    d. Failing to pay amounts due to Plaintiffs under the Policy in a timely manner;
    e. Failure to give equal consideration to Plaintiffs' rights and interests as it has given its own interests;
    f. Depriving Plaintiffs of the benefits and protections of the contract of insurance; and
    g. Other conduct to be revealed through discovery

27. As a result of this willful, wanton and reckless conduct, Plaintiffs have directly and proximately suffered damages as set forth more fully in their prayer for relief below.

### SECOND CAUSE OF ACTION
### (Violation of C.R.S. § 10-3-1115 and Relief Pursuant to § 10-3-1116)

28. Plaintiffs incorporate the other paragraphs of this Complaint as if fully set forth herein.

29. C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

30. Plaintiffs are first-party claimants under C.R.S. § 10-3-1115.

31. Defendant has improperly denied or delayed resolution of Plaintiffs' claim without a reasonable basis within the meaning of C.R.S. § 10-3-1115.

32. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

33. Due to Defendant's actions and conduct as set forth herein in violation of C.R.S. § 10-3-1115, Plaintiffs bring this claim to recover their reasonable attorneys' fees, court costs, and two times the covered benefit, as allowable under C.R.S. § 10-3-1116.

WHEREFORE, Plaintiffs Cheryl Miller and Aaron Segall respectfully request that judgment be entered in their favor and against Defendant Allstate Insurance Company as follows:

a) For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
b) For double damages pursuant to statute;
c) For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d) For reasonable attorneys' fees and costs of suit herein; and
e) For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated this 27th day of June, 2023.

Respectfully Submitted,

THE ROTH GROUP

By: */s/ David M. Roth*
David M. Roth, #44800

ATTORNEY FOR PLAINTIFFS

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*